UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JESUS H RODRIGUEZ LOBATO,

Petitioner,

v.

JEREMY CASEY, in his official capacity as Warden of Imperial Regional Detention Facility; GREGORY J. ARCHAMBEAULT, in his official capacity as San Diego Field Office Director, ICE Enforcement Removal Operations; TODD LYONS, in his official capacity as Acting Director of ICE; MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; TODD BLANCHE, Acting U.S. Attorney General; IMMIGRATION AND CUSTOMS ENFORCEMENT; DEPARTMENT OF HOMELAND SECURITY,

Respondents.

Case No.: 3:26-cv-03992-LEK-DEB

**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

Before this Court is Petitioner Jesus H Rodriguez Lobato's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"), filed on July 10, 2026. [Dkt. no. 1.] The respondents, identified in the Petition as Jeremy Casey, in his official capacity as Warden of Imperial Regional Detention Facility; Gregory J. Archambeault, in his official capacity as San Diego Field Office Director, ICE Enforcement Removal Operations; Todd Lyons, in his official capacity as Acting Director of ICE; Markwayne Mullin, in his official

capacity as Secretary of Homeland Security; Todd Blanche, Acting U.S. Attorney General; Immigration and Customs Enforcement ("ICE"); and Department of Homeland Security ("DHS" and collectively "Respondents"), filed a response to the Petition ("Response") on July 20, 2026. [Dkt. no. 4.]

Petitioner, an El Salvadorian national, entered the United States without inspection in June 2016 and resided continuously in the United States since that time. Petitioner is married to a lawful permanent resident and has children who are United States citizens. See Petition at ¶ 20. Petitioner was previously in removal proceedings, but they were dismissed on May 9, 2023 to allow him to pursue lawful permanent resident status through his spouse. See id. at ¶ 22. On June 29, 2023, Petitioner's spouse filed a Form I-130, Petition for Alien Relative. See id., Exh. 1 at PageID.17 (Form I-797C, Notice of Action, noting receipt of the Form I-130). As of the date of the Petition, the Form I-130 petition was still pending. See Petition at ¶ 22. Petitioner was released on bond in connection with either his removal proceeding or the lawful permanent resident petition. See id. at ¶ 25 (noting that Petitioner "had previously been released on bond," but not explaining the circumstances of the bond).

Petitioner alleges that he was apprehended on June 24, 2026 while he was working. As of the filing of the Petition, Petitioner was detained at the Imperial Regional Detention Facility. A new removal proceeding has been initiated, but Petitioner has not requested a new bond hearing. See id. at ¶¶ 23-25.

Petitioner asserts that he is being unlawfully detained without a bond hearing, purportedly pursuant to Title 8 United States Code Section 1225(b)(2), but he should have been given a bond hearing pursuant to Title 8 United States Code Section 1226(a). See id. at ¶¶ 43-44, 48-49.

Respondents state "that Petitioner is subject to mandatory detention under § 1225(b)(2)." [Response at 2.] Respondents, however, "acknowledge[] that this Court, and Courts in this District, have repeatedly reached the opposite conclusion under the

same and/or similar facts." [Id. at 2-3 (collecting cases).] Respondents, therefore, "do[] not oppose the petition and defer[] to the Court on the appropriate relief." [Id. at 3.]

After the Petition was fully briefed, the Ninth Circuit Court of Appeals issued its opinion in Rodriguez Vazquez v. Bostock, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026). In Rodriguez Vazquez, the Ninth Circuit held that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Id. at *3. Because there is no dispute that Petitioner was detained in the interior of the United States after having entered the United States without inspection in 2016, see Petition at ¶¶ 20, 23, the discretionary detention procedures of Section 1226(a) govern Petitioner's detention. Accordingly, this Court grants Petitioner's request for a bond hearing.[1] In addition, this Court makes the following orders regarding the bond hearing:

-the hearing must be held within seven days after the filing of this order;[2]

-the hearing must be before a fair, neutral, and open-minded immigration judge;

---

[1] In light of this Court's determination that Petitioner is entitled to a bond hearing, this Court need not address the other arguments in the Petition, [Petition at pgs. 10-12]. See, e.g., Nw. Austin Mun. Util. Dist. No. One v. Holder, 557 U.S. 193, 205 (2009) ("normally the Court will not decide a constitutional question if there is some other ground upon which to dispose of the case" (quotation marks and citation omitted)).

[2] This Court denies Respondents' request to allow Petitioner's individualized bond hearing to be held within fourteen days after the filing of this order. See Response at 3 n.3. Petitioner's interest in an expeditious remedy for the violation of his statutory rights outweighs the general concerns cited by Respondents. If there is a **case-specific** reason why Petitioner's individualized bond hearing cannot be held within seven days, Respondents may file a motion to extend the deadline. Respondents' motion must, at a minimum, establish the reason why an extension is necessary through a declaration or other supporting documents.

-the immigration judge shall determine whether Petitioner is a danger to the community or a flight risk and what bond conditions, if any, would be appropriate to ensure Petitioner's appearance;

-the immigration judge shall consider whether alternatives to detention are appropriate and, if a bond is considered, the immigration judge shall consider Petitioner's ability to pay;

-if the immigration judge denies bond, the immigration judge must make specific findings as to why Petitioner is a flight risk or a danger to the community; and

-if Petitioner believes that Respondents or the immigration judge violated this order and the writ, Petitioner can apply to this Court for appropriate sanctions.

Petitioner has also requested that this Court award him attorney's fees and costs. See Petition at pg. 13. This Court will consider an application requesting reasonable attorney's fees and costs that is filed within thirty days of the entry of judgment. This Court, therefore, denies Petitioner's request for attorney's fees and costs without prejudice.

## CONCLUSION

For the foregoing reasons, Petitioner Jesus H Rodriguez Lobato's Petition for Writ of Habeas Corpus, filed July 10, 2026, is GRANTED IN PART AND DENIED IN PART. The Petition is GRANTED insofar as Respondents are ORDERED to provide Petitioner with an individualized bond hearing under Title 8 United States Code Section 1226(a) by **August 12, 2026**. Respondents are FURTHER ORDERED to conduct the individualized bond hearing consistent with the terms of this Order. The Petition is DENIED WITHOUT PREJUDICE as to Petitioner's request for immediate release from custody. Further, the Petition is DENIED WITHOUT PREJUDICE as to Petitioner's request for attorney's fees and costs.

The parties are DIRECTED to file a joint status report informing this Court of the outcome of the bond hearing by **August 19, 2026**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 4, 2026.

/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
Senior U.S. District Judge

**<u>JESUS H RODRIGUEZ LOBATO VS. JEREMY CASEY, ET AL.</u>; CASE NO. 3:26-CV-03992-LEK-DEB; ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS**